UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| CHRISTOPHER L. GRATE, #232524 | ) | Civil Action No.: 4:13-cv-0215-JFA-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| JOSEPH McFADDEN, WARDEN; | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

Petitioner, Christopher L. Grate (Petitioner/Grate), is an inmate in the custody of the South Carolina Department of Corrections (SCDC). Petitioner, appearing pro se, filed his Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on January 16, 2013.  Respondent filed a Motion for Summary Judgment (Document # 17) on May 1, 2013, along with a Return and supporting Memorandum.  The undersigned issued an order pursuant to  Roseboro v. Garrison, 528 F.2d 309 (4ᵗʰ Cir. 1975), advising Petitioner of the motion for summary judgment procedure and the possible consequences if he failed to file a response.  Petitioner filed a Response (Document # 27) in opposition to the Motion for Summary Judgment on July 11, 2013.

This habeas corpus case was automatically referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## II.    PROCEDURAL HISTORY

### A.    Indictment and Trial

Petitioner is currently confined in the Lieber Correctional Institution of the S.C. Department

of Corrections pursuant to Orders of commitment of the Clerk of Court of Georgetown County. Petitioner was indicted by the Georgetown County grand jury for assault and battery with intent to kill (ABWIK) ( 2005- GS-22-0809). Petitioner was also indicted for possession of a weapon during a violent crime (2005-GS-22-1219). J. Eric Fox, Esquire, represented Petitioner on the charges. Petitioner proceeded to trial from February 28-March 1, 2006, before the Honorable Steven H. John, Circuit Court Judge, and a jury, after which Petitioner was found guilty of ABWIK and the weapon charge. Petitioner was sentenced to life without the possibility of parole (LWOP) for ABWIK and five years concurrent on the weapon charge.

**B.    Statement of Facts**

On September 12, 2005, Petitioner stabbed the victim Fred Gibbs twelve to thirteen times with a knife. The victim was rushed to a local fire department and then to Waccamaw Hospital. He survived after emergency surgery. The victim was stabbed in the ribs, the abdomen, the arms, and several times on the back. The crime occurred in Georgetown County.  The victim, Fred Gibbs, was supposed to go to Walmart with a female friend, Kelly Jean Paul. Ms. Paul was to pick the victim up at his cousin's house in Ms. Paul's SUV. The victim was going to leave his vehicle at his cousin's home. When Ms. Paul arrived, Petitioner was in the front passenger seat of her SUV. The victim got in the back seat, and the 3 then headed toward the Walmart in Myrtle Beach with Ms. Paul driving. On the way, Petitioner, who was intoxicated, became more and more belligerent with the victim. At one point, Petitioner pulled a pocket knife out of his pocket, opened it, and threatened to "cut the victim up" with it. Eventually, Ms. Paul, the driver informed the victim that she did not wish for Petitioner to be in the vehicle with them because of the way he was acting. Petitioner would not get out of the vehicle. At Walmart, the victim bought some cigarettes and Ms. Paul some make-up and a C.D. On the way back to the victim's cousin's house, Petitioner who was still in the vehicle,

continued to threaten the victim with the knife.

When the three (3) arrived at the victim's cousin's home, where the victim had left his car, the victim got out of the car to carry a carton of cigarettes to his cousin. As he was walking toward his cousin's house, Petitioner got out of Ms. Paul's SUV, reached through the driver's window, and grabbed the keys out of the ignition. Petitioner stated they [Ms. Paul and the victim] were not going anywhere without him. The victim heard Ms. Paul holler out to Petitioner to give her back her keys. The victim then stopped what he was doing, walked to his vehicle, and obtained a bicycle security chain out of his trunk to defend himself as he attempted to get the keys back from Petitioner who was still armed with the knife. The victim approached Petitioner and asked Petitioner to return the car keys. Petitioner refused and instead thrust his knife at the victim three (3) times, which the victim avoided. The victim struck Petitioner with the bicycle security chain in self-defense as Petitioner was trying to stab him. Petitioner then bull charged the victim eventually getting him down on the ground. While on top of the victim, Petitioner stabbed the victim repeatedly with the knife, first in his front torso and arm, and then, numerous times in the back as the victim was trying to get up off the ground.

The victim was eventually able to get up off the ground and picked the SUV keys up off of the ground, which Petitioner had dropped, and jumped in the SUV with Ms. Paul. Ms. Paul then drove the victim to a local fire department where he was placed in an ambulance and immediately rushed to the closest hospital. The victim was placed in intensive care. One of the stab wounds lacerated his liver. The victim required surgery. The victim remained in ICU for approximately three (3) days and remained in the hospital for a week. There was no question as to the identity of the perpetrator. Both the victim and Ms. Paul knew Petitioner.  App. pp. 26-124.

### C.    Direct Appeal

Petitioner appealed his convictions and sentences to the South Carolina Court of Appeals by way of an Anders brief. Petitioner was represented in the appeal by Eleanor Duffy Cleary of the S.C. Office of Appellate Defense. In the Anders brief, Ms. Cleary raised the following issue: "Was evidence from a state's witness that appellant, on trial for assault and battery with intent to kill, stabbed someone prior to the stabbing the witness was inadmissible evidence of prior bad acts and the admission of this evidence prejudiced appellant?" Anders brief, p. 3 (verbatim). Ms. Cleary certified to the Court of Appeals the appeal was without merit and asked to be relieved as counsel. Petitioner filed a pro se Response to the Anders brief raising the following issue: "Did the trial judge err in misleading the jury on the law of self-defense and did the omission prejudice appellant?" Pro se Response, p. iii. On October 9, 2008, the South Carolina Court of Appeals after a thorough review of the record, counsel's brief, and Petitioner's pro se brief, pursuant to Anders v. California, 386 U.S. 738 (1967) and State v. Williams, 305 S.C. 116 406 S.E.2d 357 (1991), dismissed the appeal and granted appellate counsel's request to be relieved. State v. Christopher L. Grate, Unpublished Opinion No. 2008-UP-556 (Ct. App. 2008). Petitioner's pro se Petition for Rehearing was denied on December 19, 2008. The Remittitur was issued on January 26, 2009. Although, Petitioner attempted to submit a Petition for Writ of Certiorari in the S.C. Supreme Court, his Petition was dismissed by the S.C. Supreme Court by Order dated February 11, 2009 because service of the Petition was untimely, and it was received after the issuance of the Remittitur on January 26, 2009.

### D.    PCR Action

Petitioner filed an application for post-conviction relief (PCR) on June 2, 2009. (2009-CP-22-0809). In the application, Petitioner alleged he was being held unlawfully pursuant to the following grounds: 1) Ineffective assistance of counsel and 2) Trial court error.

-4-

Respondent made its Return on July 1, 2009. An evidentiary hearing was convened at the Georgetown County Courthouse before the Honorable Benjamin H. Culbertson, Circuit Court Judge (the PCR Court) on February 11, 2010. Petitioner was present at the hearing and represented by Paul Archer, Esquire. Respondent was represented by Christina J. Catoe, Assistant Attorney General. Petitioner testified at the hearing in his own behalf. Trial counsel also testified at the PCR hearing. At the close of the hearing, Judge Culbertson found on the record that Petitioner had not met his burden of proof to show ineffective assistance of counsel under the Strickland standard and asked the State to submit a proposed Order of Dismissal. On March 11, 2010, the PCR Court issued its Order of Dismissal denying and dismissing the PCR application with prejudice. The Order was filed with the Georgetown County Clerk of Court.

In the Order of Dismissal, after first recounting the procedural posture of the case and the grounds raised by Petitioner, the PCR Court noted that in a post-conviction relief proceeding, the applicant bears the burden of proving his or her allegations by a preponderance of the evidence. Caprood v. State, 338 S.C. 103, 109-110, 525 S.E.2d 514, 517 (2000); Rule 71.1(e), SCRCP. And, where ineffective assistance of counsel is alleged as a ground for relief, the applicant must prove that "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." Strickland v. Washington, 466 U.S. 668 (1984); Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). The PCR Court noted the correct measure of performance is whether the attorney provided representation within the range of competence required in criminal cases. "There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment in making all significant decisions in a case." Caprood, 338 S.C. at 109, 525 S.E.2d at 517 (citations omitted). The applicant must overcome this presumption to receive relief. Cherry v. State, 300 S.C. 115, 386 S.E.2d 624

-5-

(1989).

The PCR Court pointed out that courts use a two-pronged test in evaluating allegations of ineffective assistance of counsel. First, the applicant must prove that counsel's performance was deficient. Under this prong, attorney performance is measured by its "reasonableness under professional norms." Cherry, 300 S.C. at 117, 385 S.E.2d at 625. Second, counsel's deficient performance must have prejudiced the applicant such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 117-18, 386 S.E.2d at 625. The PCR Court noted that when a defendant challenges his conviction after a trial, the proper consideration is whether there is a reasonable probability that, absent the errors, the fact-finder would have had a reasonable doubt respecting guilt. Smith v. State, 375 S.C. 507, 515, 654 S.E.2d 523, 527-28 (2007)(citations omitted). And, in order to receive relief, an applicant must prove both ineffective assistance and resulting prejudice. See, e.g., Suber v. State, 371 S.C. 554, 558, 640 S.E.2d 884, 886 (2007).

The PCR Court noted that in his PCR Application and Supplement (entered as Applicant's Exhibit # 1 at the PCR hearing), Petitioner raised several allegations, which can be best summarized as follows:

(1) Ineffective assistance of trial counsel:
a. Counsel failed to object to evidence from a State's witness that the Applicant, on trial for assault and battery with intent to kill, had previously stabbed someone, since this was inadmissible bad act evidence which prejudiced the Applicant; (Trial Transcript p. 36, lines 1-3)
b. Counsel failed to object when the prosecutor repeatedly vouched for the credibility of witnesses and placed his personal opinions before the jury; (Trial Transcript, p. 176, lines 3-8)
c. Counsel failed to object when the prosecutor repeatedly stated her personal opinions regarding the credibility of Garris Hughes (defense witness) and the defense theory of the case; (Trial Transcript p. 172-178)
d. Counsel failed to object to the State's failing to properly serve the Applicant with the required written notice of the State's intention to seek sentence of life imprisonment without parole;

e. Counsel failed to request a lesser-included offense of assault and battery of a high and aggravated nature, where there was evidence presented at trial supporting this lesser-included offense;

f. Failure to object to the charge on self-defense and failing to ask for a curative instruction as to self-defense:

> 1. Failure to request a charge that the victim's right to lawfully defend himself ended when he became the aggressor; and
>
> 2. Failure to request a charge that a person should not be forced to act in a humiliating or cowardly manner.

(2) Trial judge erred in misleading the jury on the law of self-defense.

The PCR Court noted that in considering Petitioner's case, it had before it Petitioner's PCR file, including the records of the Georgetown County Clerk of Court regarding the convictions, Petitioner's records from the South Carolina Department of Corrections, the trial transcript, and the direct appeal records. The PCR Court noted it also had before it Petitioner's Supplement to his PCR Application, which set forth his allegations of error. The PCR Court noted that both Petitioner and his former trial counsel, J. Eric Fox, Esquire, testified at the PCR hearing. The PCR Court noted it carefully listened to the testimony presented at the hearing, and found Mr. Fox's testimony to be highly credible on all issues. The PCR Court found Petitioner's testimony was not credible as it pertained to the factual aspects of his allegations. Specifically, as to each of Petitioner's allegations, the PCR Court found as follows,

Allegation # 1(a) – Failure to Object to "Prior Bad Act" Evidence

The PCR Court noted that during direct examination of the victim, the solicitor asked the victim why he felt the need to arm himself with the bicycle chain. In response, the victim stated "Because [Petitioner] had the knife in his hand, and I wasn't going to go walking up to him with empty – myself, because I know he had stabbed somebody before." (Ref. Transcript, page 36, lines 1-3). The solicitor then asked how the victim was feeling at that point, and the victim stated that he was scared that Petitioner was going to kill him with the knife.

The Court noted that Petitioner argued that the result of trial would have been different had

counsel objected to the prior stabbing comment as being improper "prior bad act" evidence under Rule 404(b), SCRE. However the PCR Court pointed out, at trial, nothing was offered to suggest that the victim was, in fact, correct about the fact that Petitioner previously stabbed someone. No details were provided. It was not suggested that the prior stabbing was necessarily unlawful, or that it resulted in a conviction. Petitioner's prior conviction for ABWIK was not mentioned or introduced into evidence. Further, the prior stabbing comment was spontaneous and not intentionally elicited by the prosecutor, and it was not mentioned ever again at any point during trial. The victim's comment was not offered for the truth of the matter asserted, nor did the State attempt to suggest or prove its truth. It was not made or offered for the purpose of proving Petitioner's guilt on the charged crime. Under these circumstances, the Court found that the victim's comment did not qualify as "bad act" or "character" evidence. State v. Edwards, 373 S.C. 230, 236-37, 644 S.E.2d 66, 69 (Ct. App. 2007), affirmed as modified by State v. Edwards, 383 S.C. 66, 678 S.E.2d 405 (2009); State v. Holland, 385 S.C. 159, 682 S.E.2d 898, 904 (Ct. App. 2009).

Further, the PCR Court found, the reasonableness of the victim's fear of Petitioner was a critical issue at trial, where the victim and Petitioner had competing self-defense claims. The reason why the victim was afraid of Petitioner was crucial to the reasonableness of his ensuing actions in arming himself. Therefore, the victim's state of mind – including his explanation of the reason for his fear - was extremely relevant and probative. Based upon all of these circumstances, the Court found that, even had counsel objected, a mistrial would not have been granted, and the outcome of the proceeding would not have been affected. Further, an objection and request for a curative instruction would have had the effect of calling the jury's attention to the comment. Finally, the Court found that the comment did not, in fact, cause prejudice to Petitioner, considering that a juror told counsel that the only reason Petitioner was not acquitted on the ground of self-defense was

because of Petitioner's disproportionate use of force. Therefore, for all of these reasons, this claim was denied and dismissed.

Allegation # 1(b) & 1(c) – Failure to Object to Vouching and Personal Opinions

The Court noted Petitioner argued that he should receive a new trial based upon comments of the prosecutor in his closing argument, as reflected at pages 172-78 of the trial transcript. The Court noted it had carefully reviewed these transcript pages and has considered them in the context of the entire case. The Court pointed out the law is clear that a solicitor may properly make arguments to the jury regarding the State's version of the testimony, the reasonable inferences to be drawn from the testimony, and the weight he believes should be given to certain testimony. Randall v. State, 356 S.C. 639, 642, 591 S.E.2d 608, 610 (2004). The Court found that none of the comments made by the solicitor in this case were so improper and prejudicial as to warrant a new trial. State v. Tubbs, 333 S.C. 316, 509 S.E.2d 815 (1999) (grant of PCR reversed where the solicitor's comments did not so infect the trial with unfairness as to deprive the defendant due process). Importantly, the solicitor did not suggest to the jury that she could vouch for the witnesses' credibility based upon personal knowledge or information outside the record. Smith v. State, 375 S.C. 507, 522-23, 654 S.E.2d 523, 531-32 (2007). Further, her arguments regarding the witnesses' motivations for lying were consistent with the facts presented at trial and were not improper. Therefore, Petitioner failed to prove that the solicitor's conduct was so egregious as to have "infected the trial with unfairness as to make the resulting conviction a denial of due process." Id. Accordingly, these allegations were denied and dismissed.

Allegation # 1(d) – Notice of Intent to Seek LWOP

The Court noted Petitioner alleged that his attorney failed to object to his not being properly noticed regarding the State's intention to seek life without parole. The Court found that both

Petitioner and counsel were properly noticed pursuant to S.C. Code Ann. § 17-25-45 (H). (Ref. Trial Transcript, pages 204-206; and Respondent's PCR Exhibits – Notices of LWOP). This allegation was completely without merit and was therefore dismissed.

Allegation # 1(e) – Failure to Request Lesser Offense of ABHAN

The Court noted Petitioner argued that counsel was ineffective for failing to request a jury charge on the lesser-included offense of ABHAN. The Court found this allegation was without merit because the jury was, in fact, charged on the law of ABHAN. (Ref. Trial Transcript, page 187). This allegation was therefore denied and dismissed.

Allegation # 1(f) – Self-Defense Charge

The Court noted Petitioner argued that counsel should have objected to the self-defense charge. Specifically, Petitioner argued that counsel should have requested a jury charge indicating that the victim's right to lawfully defend himself ended when he became the aggressor. The Court found that the jury was properly charged on imminent danger, reasonable belief of imminent danger, right to act on appearances and mistaken belief, intoxication of the victim, no other probable way to avoid the danger, the circumstances under which one does not have a duty to retreat, and that a person has the right to use as much force as appeared necessary for complete self-protection. Trial Transcript 189-191; 197-200. The Court pointed out that importantly, the jury was properly instructed that Petitioner bore no burden of proof with respect to self-defense, and that the State was required to disprove self-defense beyond a reasonable doubt. Trial Transcript 189; 197. The Court found that self-defense charge properly covered the law applicable to the facts of the case, such that the jury was able to understand all relevant aspects of self-defense. State v. Fuller, 297 S.C. 440, 377 S.E.2d 328 (1989); Trial Transcript, 161-164. Therefore, the PCR Court found and concluded counsel was not ineffective for failing to object or request further instructions. The Court noted

Petitioner also argued that counsel should have requested a jury charge that a person should not be forced to act in a humiliating or cowardly manner. The Court found that counsel was not ineffective for failing to request this charge, where Petitioner cited no authority supporting that such a charge would have been warranted under South Carolina law.

Nevertheless, the Court found no prejudice from the self-defense charge as given, where the juror's disclosures to counsel after the trial revealed that the jury was not confused about the elements of self-defense. The jurors were all in agreement that self-defense would have been established had Petitioner not used excessive force against the victim. Accordingly, for all of these reasons, this allegation was denied and dismissed.

Allegation # 2 – Trial Court Error

The PCR Court also noted that in his original PCR Application, Petitioner alleged that the trial court erred in misleading the jury on the law of self-defense. The PCR Court pointed out that allegations of trial court error are not cognizable in PCR. Roscoe v. State, 345 S.C. 16, 546 S.E.2d 417 (2001). "PCR is not a substitute for appeal or a place for asserting errors for the first time which could have been reviewed on direct appeal." Humbert v. State, 345 S.C. 332, 338, 548 S.E.2d 862, 866 (2001)(citation omitted). Nor is the PCR court a place for re-asserting direct appeal issues. Drayton v. Evatt, 312 S.C. 4, 8, 430 S.E.2d 517, 519 (1993). In any event, the above discussion, regarding ineffective assistance of counsel with respect to the self-defense charge, incorporated this claim. Therefore, this allegation was denied and dismissed.

Based upon the foregoing, the Court concluded that Petitioner failed to meet his burden of proof as to any of his claims. Therefore, the application for post-conviction relief was denied and dismissed with prejudice for failure to meet the burden of proof under Strickland v. Washington, 466 U.S. 668 (1984), and Butler v. State, 286 S.C. 441, 334 S.E.2d 813 (1985). Counsel's attention was

directed to <u>Marlar v. State</u>, 375 S.C. 407, 653 S.E.2d 266 (2007), and Rule 59(e), SCRCP, regarding the filing of a Motion to Alter or Amend should counsel believe this Order fails to adequately address all issues raised as required by S.C. Code Ann. § 17-27-80 (2003). The Court further advised that if Petitioner desired to secure appellate review of this Order, a notice of appeal must be filed and served within thirty (30) days of the service of this Order. Petitioner and counsel were directed to Rules 203, 206, and 243 of the South Carolina Appellate Court Rules for the appropriate procedures to follow after notice of appeal has been timely filed. Petitioner was committed to the custody of Respondent for the completion of his sentence.

  **E. Appeal from Denial of PCR Application**

  Petitioner appealed from the denial of post-conviction relief by way of a <u>Johnson</u> Petition for Writ of Certiorari to the S.C. Supreme Court. Petitioner was represented in the appeal by Wanda H. Carter of the S.C. Office of Appellate Defense. In the <u>Johnson</u> Petition, Ms. Carter raised the following issue to the S.C. Supreme Court: "Trial counsel erred in failing to object to prior bad act evidence introduced at trial regarding a previous stabbing allegedly committed by petitioner because this was similar to the instant charge of assault and battery with intent to kill, which involved a stabbing also, for which he was on trial." Johnson Petition p. 2. Ms. Carter certified to the Supreme Court that the appeal was without merit and asked to be relieved as counsel. Petitioner filed a <u>pro se</u> Response to the <u>Johnson</u> Petition. There, Petitioner raised four issues: (1) Counsel erred in failing to object to prior bad act evidence introduced at trial regarding a previous stabbing allegedly committed by Petitioner because this was similar to the instant charge of assault and battery with intent to kill, which involved a stabbing also, for which he was on trial; (2) Self defense charge, counsel should have objected to the self-defense charge because of malice charge; (3) trial court's error, misleading jury on self-defense that trial courts may have violated Petitioner's fourteenth

(14th) amendment right to due process of law; (4) Failure of counsel to object to improper vouching. Pro se Response p. 2, 8-12. The appeal was transferred to the S.C. Court of Appeals by Order of the S.C. Supreme Court. On September 4, 2012, after careful consideration of the entire record as required by <u>Johnson v. State</u>, 294 S.C. 310, 364 S.E.2d 201 (1988), the Court of Appeals denied the petition and granted collateral appellate counsel's request to withdraw. The Remittitur was issued September 21, 2012.

## III.   GROUNDS FOR RELIEF

Petitioner asserts the following grounds for relief in his federal habeas petition:

**Ground one**: Inadmissible evidence of prior bad acts was received from a state's witness.
  **Supporting facts**: Frederick Gibbs testified he had known Petitioner all his life. Gibbs testified that during the fight with Petitioner [he] "wasn't going to go walking up on him with empty-myself because I know that he stabbed somebody before." The jury should not have been permitted to hear this testimony.

**Ground two**: The trial judge erred in misleading the jury on the law of self-defense.
  **Supporting facts**: Gibbs testified that during the argument with Petitioner he armed himself by going "back to the trunk and got my chain." The judge misled the jury on the elements of self-defense where witness testimony indicated evidence of self-defense. The law to be charged is from the evidence at trial.

**Ground three**: Trial counsel failed to object to prior bad act evidence.
  **Supporting facts**: Trial counsel failed to object to evidence from Gibbs that Petitioner had previously stabbed another person.

**Ground four**: Trial counsel failed to object to the solicitor vouching for a state witness and interjecting personal opinions.
  **Supporting facts**: The solicitor's closing argument was improper and prejudicial where it vouched for the credibility of Gibbs' testimony.

**Ground five**: Trial counsel failed to object to an improper burden shifting malice instruction.
  **Supporting facts**: (a) Trial counsel failed to object to the court's improper burden-shifting instruction on malice and the inference from the use of a deadly weapon, which was intertwined with the court's charge on self-defense and the court's re-charge upon the jury's request.

In his Response to Respondent's Motion for Summary Judgment, he withdraws grounds one and two. Pet. Response p. 7. Thus, the only grounds currently before the court are grounds three,

-13-

four, and five.

## IV.     STANDARD OF REVIEW

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the State court proceeding.

Thus, a writ may be granted if a state court "identifies the correct principle from [the Supreme] Court's decisions but unreasonably applies that principle of law" to the facts of the case. Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir.2005) (citing Williams v. Taylor, 529 U.S. 362, 413, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000)). However, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. "Thus, to grant [a] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir.2004). Further, factual findings "made by a State court shall be presumed to be correct," and a Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

## V.     PROCEDURAL BAR

### A.     Exhaustion and Procedural Bypass

The doctrines of exhaustion and procedural bypass can bar a federal habeas claim if a petitioner has not first submitted his claims for relief to the state courts. Generally, pursuant to the exhaustion doctrine[1], a habeas petitioner will be procedurally barred from bringing a federal habeas claim if the claim has not first been presented to the state's highest court with authority to decide the issue. See 28 U.S.C. § 2254[2]; Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

In South Carolina, a person in custody has two primary means of attacking the validity of his conviction. The first avenue is through a direct appeal and, pursuant to state law, he is required to state all his grounds in that appeal. See SCAR 207; Blakeley v. Rabon, 266 S.C. 68, 266 S.C. 68, 221 S.E.2d 767 (1976). The second avenue of relief is by filing an application for post-conviction relief

---

[1]As stated by the Supreme Court:
The exhaustion doctrine existed long before its codification by Congress in 1948. In Ex parte Royall, 117 U.S. 241, 251 (1886), this Court wrote that as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act.

Rose v. Lundy, 455 U.S. 509, 515, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

[2]Section 2254(b) and (c) reads as follows:
(b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court, shall not be granted unless it appears that
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is either an absence of available State corrective process; or
      (ii) circumstances exist that render such process, ineffective to protect the rights of the applicant.
  (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
  (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

(PCR). <u>See</u> S.C.Code Ann. § 17–27–10 et seq. A PCR applicant is also required to state all of his grounds for relief in his application. <u>See</u> S.C.Code Ann. § 17–27–90. Strict time deadlines govern direct appeal and the filing of a PCR in the South Carolina Courts.

When the petition for habeas relief is filed in the federal court, a Petitioner may present only those issues which were presented to the South Carolina Supreme Court[3] through direct appeal or through an appeal from the denial of the PCR application, whether or not the Supreme Court actually reached the merits of the claim. If any avenue of state relief is still available, the petitioner must present the issue to the state court before requesting a writ of habeas corpus in the federal courts. <u>See</u> <u>Rose</u>, 455 U.S. at 515; <u>Richardson v. Turner</u>, 716 F.2d 1059 (4th Cir.1983); <u>Patterson v. Leeke</u>, 556 F.2d 1168 (4th Cir.1977).

If a petitioner fails to raise a claim at the appropriate time in state court and state procedural rules bar further means of presenting the issue to the state courts, the claim is procedurally bypassed and, generally, is procedurally barred from federal habeas review. <u>Smith v. Murray</u>, 477 U.S. 527, 533, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

Federal courts have jurisdiction to consider habeas claims subject to procedural bar (through exhaustion or procedural bypass); however,

> ... the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both "cause" for noncompliance with the state rule and "actual prejudice" resulting from the alleged constitutional violation.

<u>Smith v. Murray</u>, 477 U.S. 533 (quoting <u>Wainwright v. Sykes</u>, 433 U.S. 72, 84 (1977)); <u>see also</u>

---

[3]The South Carolina Supreme Court has held that the presentation of claims to the state court of appeals without more is sufficient to exhaust state remedies for federal habeas corpus review in the South Carolina Supreme Court after the petition's transfer to the South Carolina Court of Appeals. <u>See</u> <u>State v. McKennedy</u>, 348 S.C. 270, 559 S.E.2d 850, 854 (S.C.2002), citing <u>In re Exhaustion of State Remedies in Criminal and Post–Conviction Relief Cases</u>, 321 S.C. 563, 471 S.E.2d 454 (S.C.1990).

Engle v. Isaac, 456 U.S. 107, 135, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982).

     **B.**     **Cause and Actual Prejudice**

     To have such claims considered, a petitioner must show sufficient cause for failure to raise the claim and actual prejudice resulting from the failure, Coleman v. Thompson, 501 U.S. at 750, or that a "fundamental miscarriage of justice" has occurred. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). A Petitioner may prove cause if he can demonstrate ineffective assistance of counsel relating to the default, show an external factor which hindered compliance with the state procedural rule, or demonstrate the novelty of a particular claim. Murray v. Carrier, 477 U.S. 478, 106 S.Ct. 2678, 91 L.Ed.2d 397 (1986); Clozza v. Murray, 913 F.2d 1092 (4th Cir.1990), cert. denied, 499 U.S. 913, 111 S.Ct. 1123, 113 L.Ed.2d 231 (1991); and Clanton v. Muncy, 845 F.2d 1238 (4th Cir.1988), cert. denied, 485 U.S. 1000, 108 S.Ct. 1459, 99 L.Ed.2d 690 (1988). Generally, a petitioner must show some error to establish prejudice. Tucker v. Catoe, 221 F.3d 600, 615 (4th Cir.), cert. denied, 531 U.S. 1054, 121 S.Ct. 661, 148 L.Ed.2d 563 (2000). Additionally, a petitioner must show an actual and substantial disadvantage as a result of the error, not merely a possibility of harm to show prejudice. Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir.1997). Petitioner may rely on the doctrine of actual innocence to excuse default. "Actual innocence" is not an independent claim, but only a method of excusing default. O'Dell v. Netherland, 95 F.3d 1214, 1246 (4th Cir.1996), aff'd, 521 U.S. 151, 117 S.Ct. 1969, 138 L.Ed.2d 351 (1997). To prevail under this theory, a petitioner must produce new evidence not available at trial to establish his factual innocence. Royal v. Taylor, 188 F.3d 239 (4th Cir.1999). A petitioner may establish actual innocence as to his guilt. Id. Procedural default is an affirmative defense which is waived if not raised by respondents. Gray v. Netherland, 518 U.S. 152, 165–66 (1996). It is petitioner's burden to raise cause and prejudice or actual innocence. If not raised by petitioner, the court need not consider the

-17-

defaulted claim. Kornahrens v. Evatt, 66 F.3d 1350 (4th Cir.1995), cert. denied, 517 U.S. 1171, 116 S.Ct. 1575, 134 L.Ed.2d 673 (1996).

## VI.     ANALYSIS

### A.     Procedurally Barred Grounds

Respondent argues that Petitioner's ground five is procedurally barred.[4]  When presented with an application for habeas relief, the first inquiry by the court is to determine whether the claim raised in the petition was "adjudicated on the merits" by the state court. 28 U .S.C.A. § 2254(d).  In ground five, Petitioner alleges trial counsel was ineffective for failing to object to the trial court's self defense/malice instruction. This ground was procedurally defaulted at the PCR hearing. Petitioner did not raise this issue to the PCR Court, it was not addressed in the PCR Court's Order of Dismissal, and Petitioner filed no Rule 59 Motion to have this issue addressed by the PCR Court. Marlar v. State, 375 S.C. 407, 653 S.E.2d 266 (2007)(failure to file Rule 59 Motion to have unaddressed issue addressed in the Order of Dismissal, results in issue not being preserved on appeal from PCR). As a result, this ground is procedurally barred.

As cause for the default, Petitioner argues that his PCR counsel was ineffective for failing to present this issue to the PCR court, relying on Martinez v. Ryan, —— U.S. ——, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). In Martinez, the Supreme Court established a "limited qualification" to the rule in Coleman v. Thompson, 501 U.S. 722, 752, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. Martinez, 132 S.Ct. at 1319. The Martinez Court held that inadequate assistance of counsel "at initial-review collateral review proceedings may establish

---

[4]Respondent also argues that grounds one and two are procedurally barred.  However, as noted above, Petitioner has withdrawn grounds one and two.

cause for a prisoner's procedural default of a claim of ineffective assistance at trial." Id. at 1315. In

describing its holding in Martinez, the Supreme Court stated that

> [w]e ... read Coleman as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of there being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" review proceeding in respect to the "ineffective-assistance-of-trial-counsel claim"; and (4) state law requires that an "ineffective assistance of trial counsel [claim] ... be raised in an initial-review collateral proceeding."

Trevino v. Thaler, 569 U.S. ——, ——, 133 S.Ct. 1911, 1918, 185 L.Ed.2d 1044 (2013) *(*citing

Martinez, 132 S.Ct. at 1318–19, 1320–21); see also Sexton v. Cozner, 679 F.3d 1150, 1159 (9th

Cir.2012) (summarizing the Martinez test to require the following: "a reviewing court must

determine whether the petitioner's attorney in the first collateral proceeding was ineffective under

Strickland, whether the petitioner's claim of ineffective assistance of trial counsel is substantial, and

whether there is prejudice").

Therefore, to excuse the failure to raise the claim in his PCR proceeding that trial counsel

was ineffective for failing to object to the trial court's self defense/malice instruction, Petitioner

must "show that [PCR] counsel's representation during the post-conviction proceeding was

objectively unreasonable, and that, but for his errors, there is a reasonable probability that Petitioner

would have received relief on a claim of ineffective assistance of trial counsel in the state

post-conviction matter." Sexton, 679 F.3d at 1157; see also Williams v. Taylor, 529 U.S. 362, 391,

120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (stating that "the Strickland test provides sufficient

guidance for resolving virtually all ineffective assistance-of-counsel claims"); Strickland v.

Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) (stating to demonstrate

ineffective assistance of counsel, a petitioner must show that (1) counsel's errors were so serious that

her performance was below the objective standard of reasonableness guaranteed by the Sixth

Amendment to the United States Constitution and (2) petitioner was prejudiced as a result).

Petitioner claims that PCR counsel was ineffective for failing to argue that trial counsel was ineffective for failing to object to an improper burden-shifting malice instruction arising from the inference of malice from the use of a deadly weapon. With regard to an inference of malice, the trial court instructed that "malice can be inferred from conduct showing a total disregard of human life. Inferred malice can also arise when the act is done with a deadly weapon." Tr. 186. In 2009, in State v. Belcher, 385 S.C. 597, 685 S.E.2d 802 (2009), the South Carolina Supreme Court held that the inference of malice from the use of a deadly weapon was no longer to be instructed in cases where the defendant offers evidence that mitigates the crime or that he was acting in self-defense because the charge could be confusing to a jury. However, Petitioner's case was tried in 2006, and the Belcher court noted that "it has long been the practice for trial courts in South Carolina, as sanctioned by this Court, to charge juries in any murder prosecution that they jury may infer malice from the use of a deadly weapon." Id. at 600, 685 S.E.2d at 803. Counsel cannot be ineffective for failing to foresee changes in the law years subsequent to Petitioner's trial. Schneider v. Day, 73 F.3d 610 (5th Cir. 1996)(holding that while Victor v. Nebraska, 511 U.S. 1(1994) is retroactive, counsel cannot be ineffective for failing to foresee changes in the law subsequent to Petitioner's trial); Walker v. Jones, 10 F.3d 1569 (11th Cir. 1994)(trial counsel not ineffective for failing to object to reasonable doubt charge where petitioner's trial took place four (4) years before Cage v. Louisiana, 498 U.S. 39 (1990), and state courts at that time had affirmed use of such charges). As such, trial counsel's conduct at the time of trial was not objectively unreasonable.

Accordingly, because trial counsel could not have been ineffective for failing to object to a charge that, at the time of trial, was proper, PCR counsel also cannot be ineffective for failing to argue that trial counsel was ineffective. Thus, Petitioner fails to show cause for his default of ground

five and, thus, it is procedurally barred and summary judgment is appropriate.

**B.    Ground Three**

In ground three, Petitioner argues that trial counsel was ineffective in failing to object to prior bad act evidence. The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). In the case of Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984),the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. Id. at 687. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant. Id.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Id. at 688. "The proper measure of attorney performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir.1985), reversed on other grounds, 476 U.S. 28, 106 S.Ct. 1683, 90 L.Ed.2d 27 (1986)). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires the petitioner to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. The Court further found that

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct ... the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.

Id. at 695.

The PCR Court directly addressed whether trial counsel was ineffective in failing to object to prior bad act evidence.  The PCR Court noted that at trial the solicitor asked the victim why he felt he needed to arm himself with a bicycle chain and the victim responded "Because [Petitioner] had the knife in his hand, and I wasn't going to go walking up to him with empty–myself, because I know he had stabbed somebody before." Tr. 36.  The PCR court noted that the solicitor then asked the victim how he was feeling, and the victim stated that he was scared that Petitioner was going to kill him with the knife.

Petitioner argued to the PCR Court that the evidence that he stabbed someone before should not have been admitted, trial counsel was ineffective for failing to object, and the result of the trial would have been different if trial counsel had objected.

The PCR Court concluded that the victim's comment did not qualify as inadmissible prior bad act or character evidence:

> at trial, nothing was offered to suggest that the victim was, in fact, correct about the fact that Petitioner previously stabbed someone. No details were provided. It was not suggested that the prior stabbing was necessarily unlawful, or that it resulted in a conviction. Petitioner's prior conviction for ABWIK was not mentioned or introduced into evidence. Further, the prior stabbing comment was spontaneous and not intentionally elicited by the prosecutor, and it was not mentioned ever again at any point during trial.  The victim's comment was not offered for the truth of the matter asserted, nor did the State attempt to suggest or prove its truth. It was not made or offered for the purpose of proving Petitioner's guilt on the charged crime. Under these circumstances, the Court found that the victim's comment did not qualify as "bad act" or "character" evidence. State v. Edwards, 373 S.C. 230, 236-37, 644 S.E.2d 66, 69 (Ct. App. 2007), affirmed as modified by State v. Edwards, 383 S.C. 66, 678 S.E.2d 405 (2009); State v. Holland, 385 S.C. 159, 682 S.E.2d 898, 904 (Ct. App. 2009).

Tr. 247-28.  In addition, the PCR court found that the reasonableness of the victim's fear of Petitioner was a crucial issue at trial, where the victim and Petitioner had competing self-defense claims, and thus, the victim's state of mind, including her explanation of the reason for his fear, was relevant and probative.  For these reasons, the PCR court concluded, even if counsel had objected,

a mistrial would not have been granted and the outcome of the proceeding would not have been affected. In addition, the PCR court concluded that an objection and request for a curative instruction would have only called the jury's attention to the comment. Finally, the PCR court found that the comment did not cause prejudice because a juror told counsel that the only reason Petitioner was not acquitted on the ground of self-defense was because of Petitioner's disproportionate use of force.

The findings made by the PCR court are entitled to deference and Petitioner has failed to point to sufficient evidence to overcome that deference. Accordingly, the PCR court's finding of a lack of error or prejudice resulting from trial counsel's decision not to object to the testimony regarding Petitioner's prior violent act is not contrary to, nor does it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); Williams, 529 U.S. at 398. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to ground three.

### C.     Ground Four

In ground four, Petitioner asserts that trial counsel was ineffective for failing to object to the solicitor vouching for a state witness and interjecting personal opinions. In support, Petitioner argues that the solicitor's closing argument was improper and prejudicial where she vouched for the credibility of a witness for the state, Kelly, and interjected personal opinions about the veracity of a witness for Petitioner, Hughes. As stated above, to establish that counsel was ineffective, Petitioner must establish that counsel committed error and that the error resulted in prejudice to the Petitioner. Strickland, 466 U.S. at 687.

-23-

During her closing argument, the solicitor argued that Kelly had no motivation to lie and that Hughes did have motivation to lie because he had dated Petitioner's sister. Tr. 176. Vouching occurs when the prosecutor indicates a personal belief in the credibility or honesty of a witness. U.S. v. Sullivan, 455 F.3d 248, 259 (4th Cir.2006). However, counsel may address the credibility of witnesses given the evidence in the case. Matthews v. State, 350 S.C. 272, 276, 565 S.E.2d 766, 768 (2002) ("A solicitor may argue the credibility of the State's witnesses if the argument is based on the record and its reasonable inferences.").

In its Order of Dismissal, the PCR court noted that it had reviewed the transcript of the solicitor's closing argument and considered them in the context of the entire case. It noted that "[t]he law is clear that a solicitor may properly make arguments to the jury regarding the State's version of the testimony, the reasonable inferences to be drawn from the testimony and the weight he believes should be given to the testimony." Tr. 248 (citing Randall v. State, 356 S.C. 639, 642, 591 S.E.2d 608, 610 (2004)). The PCR court found

> that none of the comments made by the solicitor in this case were so improper and prejudicial as to warrant a new trial. See State v. Tubbs, 333 S.C. 316, 509 S.E.2d 815 (1999) (grant of PCR reversed where the solicitor's comments did not so infect the trial with unfairness as to deprive the defendant due process). Importantly, the solicitor did not suggest to the jury that she could vouch for the witnesses' credibility based upon personal knowledge or information outside the record. See Smith v. State, 375 S.C. 507, 522-23, 654 S.E.2d 523, 531-31 (2007). Further, her arguments regarding the witnesses' motivations for lying were consistent with the facts presented at trial and were not improper. Therefore, the Applicant failed to prove that the solicitor's conduct was so egregious as to have "infected the trial with unfairness as to make the resulting conviction a denial of due process." Smith, supra. Accordingly, these allegations are denied and dismissed.

Tr. 248-49.

The findings made by the PCR court are entitled to deference and Petitioner has failed to point to sufficient evidence to overcome that deference. Accordingly, the PCR court's finding of a lack of error in or prejudice resulting from trial counsel's decision not to object to the solicitor's

closing argument and her comments about the credibility of witnesses is not contrary to, nor does it involve an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d)(1), (2); Williams, 529 U.S. at 398. Therefore, it is recommended that Respondent's motion for summary judgment be granted with respect to ground four.

## VII.    CONCLUSION

For the reasons discussed above, Petitioner's grounds for relief are either procedurally barred or without merit and it is recommended that Respondent's Motion for Summary Judgment (Document # 17) be granted and the Petition dismissed.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

December 18, 2013
Florence, South Carolina

**The parties are directed to the important information on the following page.**

-25-