# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Christopher L. Grate, | ) | C/A No. 4:13-215-JFA-TER |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Joseph McFadden, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

The *pro se* petitioner, Christopher L. Grate, is an inmate at the Lieber Correctional Institution.  He brings this action under 28 U.S.C. § 2254 challenging his state court convictions for assault and battery with intent to kill and possession of a weapon during a violent crime for which he was sentenced to life imprisonment.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation and finds that the respondent's motion for summary judgment should be granted.[2]  The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

---

[1]  The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.  The Magistrate Judge makes only a recommendation to this court.  The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions.  *See* 28 U.S.C. § 636(b)(1).

[2]  An order was issued pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) notifying petitioner of the summary dismissal procedure and possible consequences if he failed to adequately respond to the motion for summary judgment. Petitioner responded to the motion.

The petitioner was advised of his right to file objections to the Report and Recommendation, and he filed objections thereto. The court has conducted a *de novo* review of the objections which will be discussed herein.

Petitioner raises five grounds for relief in his federal habeas petition:[3]

(1)    Inadmissible evidence of prior bad acts was received from a state's witness;

(2)    Trial judge erred in misleading the jury on the law of self-defense;

(3)    Trial counsel failed to object to prior bad act evidence;

(4)    Trial counsel failed to object to the solicitor vouching for a state witness and interjecting personal opinions; and

(5)    Trial counsel failed to object to an improper burden shifting malice instruction by the court.

Grounds 1 and 2 were withdrawn by petitioner in his response to the respondent's motion for summary judgment and have not been reviewed by the Magistrate Judge.

*Ground 5:*
*Trial Counsel's Failure to Object to the Court's Malice Instruction*

As an initial matter, the Magistrate Judge recommends that petitioner's claim that trial counsel was ineffective for failing to object to the trial court's self-defense/malice instruction (Ground 5) is procedurally barred because it was not raised to the PCR court, nor was it addressed in the PCR court's order of dismissal.

---

[3] In his response to respondent's motion for summary judgment, petitioner withdrew Grounds 1 and 2.

2

Petitioner argues that the cause for the procedural default on this claim is that his PCR counsel did not present this issue to the PCR court. In his objections to the Report, the petitioner asserts that he is entitled have the default of this claim excused and considered in light of *Martinez v. Ryan*, 132 S.Ct. 1309 (2012) due to the ineffective assistance of his first PCR counsel.

As the Magistrate Judge notes in her Report and Recommendation, in *Martinez*, the Supreme Court established a "limited qualification" to the rule in *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), that any errors of PCR counsel cannot serve as a basis for cause to excuse a petitioner's procedural default of a claim of ineffectiveness of trial counsel. The *Martinez* Court held that inadequate assistance of counsel at initial review collateral review proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance of trial.

The Supreme Court previously held in *Coleman* that because a habeas petitioner has no constitutional right to counsel in state post-conviction relief (PCR) proceedings, the effectiveness of PCR counsel cannot establish cause to excuse a procedural default. In *Martinez*, the Supreme Court considered whether a federal habeas court may excuse a procedural default of an ineffective assistance of counsel claim when the claim was not properly presented in state court due to an attorney's errors in an initial review collateral proceedings where there is the first instance in which a prisoner can bring an ineffective assistance of trial counsel challenge. In states that have such a requirement, such as South Carolina, the initial review collateral proceeding is a prisoner's one and only appeal as to an

ineffective assistance claim. The *Martinez* Court held that:

> [W]hen a State requires a prisoner to raise an ineffective assistance of trial counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim ... where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

*Martinez*, 132 S.Ct. at 1318. In order to overcome the default, the *Martinez* Court went on to hold that the prisoner must also demonstrate that the underlying ineffective assistance of trial counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit.

Thus, the *Martinez* Court established an exception to *Coleman*, and concluded that federal habeas courts can find "cause" to excuse a procedural default where (1) the claim of ineffective assistance of trial counsel was a substantial claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective assistance of trial counsel claim; and (4) state law requires that an ineffective assistance of trial counsel claim be raised in an initial review collateral proceeding.

Thereafter, in *Trevino v. Thaler*, 569 U.S. ___ (2013), the Supreme Court, citing to *Martinez*, stated that:

> [w]e...read *Coleman* as containing an exception, allowing a federal habeas court to find "cause," thereby excusing a defendant's procedural default, where (1) the claim of "ineffective assistance of trial counsel" was a "substantial" claim; (2) the "cause" consisted of their being "no counsel" or only "ineffective" counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the "initial" reviewing proceeding in

respect to the "ineffective assistance of trial counsel claim," and (4) state law requires that an "ineffective assistance of trial counsel [claim]...be raised in an initial-review collateral proceeding."

In light of the Supreme Court's decision in *Trevino* and because a claim of ineffective assistance of trial counsel must be raised at the initial post conviction relief stage under South Carolina law, the third and fourth elements of *Martinez* above are met in South Carolina.[4]

In *Sexton v. Cozner*, 679 F.3d 1150, 1159 (9th Cir. 2012), the Ninth Circuit summarized the *Martinez* test to require that a reviewing court must determine: (1) whether the petitioner's attorney in the first collateral proceeding was ineffective under *Strickland v. Washington*, 466 U.S. 668 (1984); (2) whether the petitioner's claim for ineffective assistance of trial counsel is substantial; and (3) whether there is prejudice.

Under *Strickland v. Washington*, 466 U.S. 668 (1984), the Magistrate Judge has carefully reviewed the petitioner's Ground 5 that his PCR counsel failed to raise the claim that trial counsel was ineffective for failing to object to the trial court's self defense/malice instruction.  Under *Strickland*, a petitioner must show that (1) counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the Constitution; and (2) that petitioner was prejudiced as a result.

---

[4] The limited exception in *Martinez* is not applicable to claims regarding appellate counsel. *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir.2012) (observing that "Martinez applies only to a 'prisoner's procedural default of a claim of ineffective assistance of trial,' not to claims of deficient performance by appellate counsel.")  In addition, *Martinez* neither created a new constitutional right nor made one retroactively applicable to a petitioner's case so as to provide a basis for equitable tolling under 28 U.S.C.§ 2244(d)(1)(A).  *See Coleman v. Sauers*, No. 12-2725, 2012 WL 4206287, at *3 n. 7 (E.D.Pa July 26, 2012).

Petitioner claims that his trial counsel failed to object to an improper burden-shifting malice instruction arising from the inference of malice from the use of a deadly weapon. At petitioner's trial in 2006, the trial court instructed that malice can be inferred from conduct showing a total disregard of human life and that inferred malice can also arise when the act is done with a deadly weapon. In 2009, the South Carolina Supreme Court held in *State v. Belcher*, 385 S.C. 597, 685 S.E.2d 802 (2009) that the inference of malice from the use of a deadly weapon was no longer to be instructed in cases where the defendant offers evidence that mitigates the crime or that he was acting in self-defense because the charge could be confusing to a jury.

The Magistrate Judge opines that trial counsel cannot be ineffective for failing to object to a jury charge that, at the time of trial, was proper, nor can counsel be ineffective for failing to foresee changes in the law years after petitioner's trial. Therefore, the Magistrate Judge concludes that trial counsel's conduct at the time of trial was not objectively unreasonable under *Strickland,* and thus, PCR counsel cannot be ineffective for failing to argue that trial counsel was ineffective.

In his objections to the Report and Recommendation on this issue, petitioner generally contends that the Magistrate Judge failed to properly extend the *Martinez* exception to this claim, that PCR counsel's representation was objectively unreasonable, and that the Magistrate Judge incorrectly granted summary judgment to the respondent. Petitioner cites to *Sandstrom v. Montana*, 442 U.S. 510, 514 (1979) and *Yates v. Evatt*, 500 U.S. 391, 408–11 (1991) contending that both of these cases were clearly established law denouncing the

constitutionally erroneous implied malice instructions of the type in his case, and that such was the identical law upon which *State v. Belcher*, 685 S.E.2d 802 (2009) relied.

In *Belcher*, decided in 2009, the court noted that it had long been the practice for the trial courts in South Carolina to charge juries in any murder prosecution that the jury may infer malice from the use of a deadly weapon. *Belcher* held that a jury charge instructing that malice may be inferred from the use of a deadly weapon was no longer good law in South Carolina where evidence is presented that would reduce, mitigate, excuse or justify the homicide. *Belcher* also expressly states that its ruling would not apply to convictions challenged on post-conviction relief.

Accordingly, this court agrees with the Magistrate Judge that petitioner fails to show cause for his procedural default on this ground. As such, Ground 5 is procedurally barred and summary judgment for the respondent is appropriate.

### Ground 3:
*Trial Counsel Ineffective for Failing to Object to Prior Bad Act Evidence*

Petitioner argues that trial counsel was ineffective in failing to object to the introduction of prior bad act evidence. At trial, the solicitor asked the victim why he felt he needed to arm himself with a bicycle chain, and the victim responded, "Because [petitioner] had the knife in his hand, and I wasn't going to go walking up to him with empty–myself, because I know he had stabbed somebody before." The solicitor then asked the victim how he was feeling and the victim stated that he was scared that petitioner was going to kill him with a knife.

7

The PCR court found that the victim's comment did not qualify as inadmissible prior bad act or character evidence because nothing was offered at trial to suggest that the victim was correct about the statement that petitioner had previously stabbed someone; it was not suggested that the prior stabbing was unlawful or resulted in a conviction; it was not mentioned or introduced into evidence; it was a spontaneous comment and not intentionally elicited; it was not mentioned again during the trial; the comment was not offered for the truth of the matter asserted; and it was not made to prove petitioner's guilty on the charged crime. The PCR court also found that the reasonableness of the victim's fear was a crucial issue at trial where the victim and petitioner had competing self-defense claims, so that the victim's state of mind was relevant and probative.

In his objections to the Report on this issue, petitioner merely contends that the Magistrate Judge failed to properly extend the *Strickland* analysis to Ground 3; the Magistrate Judge erred in lending deference to the state court findings; and the Magistrate Judge misapplied the § 2254(d)(1)(2) analysis under *Williams v. Taylor*, 529 U.S. 362, 298 (2000).

The Magistrate Judge has carefully reviewed the record and the PCR court's conclusion that the victim's comment did not qualify as inadmissible prior bad or character evidence. The Magistrate Judge notes that under 28 U.S.C. § 2254(e)(1) that the factual findings by a state court shall be presumed to be correct and that the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence, which the petitioner has not done. Under the standard set out in *Williams v. Taylor*, 529 U.S. 362

(2000) and *Humphries v. Ozmint*, 397 F.3d 206 (4th Cir. 2005), the Magistrate also opines that the PCR court's findings are not contrary to, nor did the decision involve an unreasonable application of clearly established Federal law, nor did the decision result in one that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

The Magistrate Judge recommends that the respondent's motion for summary judgment be granted on this ground, and the undersigned agrees. Accordingly, petitioner's objection is overruled.

#### Ground 4: *Trial Counsel's Failure to Object to the Solicitor's Vouching*

Petitioner argues that trial counsel was ineffective for failing to object to the solicitor vouching for a state witness and interjecting personal opinions. During her closing argument, the solicitor argued that a witness for the State, Kelly, had no motivation to lie and that another witness, Hughes, did have a motivation to lie because he had dated petitioner's sister. The PCR court found that none of the comments made by the solicitor were so improper and prejudicial as to warrant a new trial because the solicitor did not suggest to the jury that she could vouch for the witnesses' credibility based upon personal knowledge or information outside of the record. Further, the PCR court found that the solicitor's arguments regarding the witnesses' motivations for lying were consistent with the facts presented at trial and were not improper.

In his objections to the Report on this issue, petitioner merely contends that the Magistrate Judge failed to properly extend the *Strickland* analysis to Ground 4; the

Magistrate Judge erred in lending deference to the state court findings; and the Magistrate Judge misapplied the § 2254(d)(1)(2) analysis under *Williams v. Taylor*, 529 U.S. 362, 298 (2000).

The Magistrate Judge has carefully reviewed the record and the PCR court's conclusion that there was no error or prejudice in trial counsel's decision not to object to the solicitor's closing argument and her comment about the credibility of witnesses. The Magistrate Judge notes that under 28 U.S.C. § 2254(e)(1) that the factual findings by a state court shall be presumed to be correct and that the petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence, which the petitioner has not done. Under the standard set out in *Williams v. Taylor*, 529 U.S. 362 (2000) and *Humphries v. Ozmint*, 397 F.3d 206 (4th Cir. 2005), the Magistrate also opines that the PCR court's findings are not contrary to, nor did the decision involve an unreasonable application of clearly established Federal law, nor did the decision result in one that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

This court agrees with the Magistrate Judge's recommendation that the respondent's motion for summary judgment be granted on Ground 4. Petitioner's objections are overruled.

CONCLUSION

After carefully reviewing the applicable laws, the record in this case, the Report and Recommendation, and the objections thereto, this court finds the Magistrate Judge's

10

recommendation fairly and accurately summarizes the facts and applies the correct principles of law.   Thus, the Report is adopted and incorporated herein by reference.   Accordingly, the § 2254 petition is denied and the respondent's motion for summary judgment (ECF No. 17) is granted.

IT IS FURTHER ORDERED that a certificate of appealability is denied because the petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).[5]

IT IS SO ORDERED.

March 25, 2014                                          Joseph F. Anderson, Jr.
Columbia, South Carolina                      United States District Judge

---

[5] A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U .S.C. § 2253(c)(2) (West 2009). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the instant matter, the court finds that the petitioner has failed to make "a substantial showing of the denial of a constitutional right."